**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2090
_____

MUHAMET MURIQI,
                                        Petitioner

VS.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-927-047)
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2014

Before: AMBRO, GREENAWAY, JR., and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 8, 2014)

_____

OPINION*
_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Muhamet Muriqi petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will deny the petition.

I.

Muriqi is a native of the former Yugoslavia and a citizen of Kosovo. In 2006, he entered the United States and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He claimed that he was seeking relief in the United States "to save my life from the actual persecution by Serbia[n] spies, and Ethnic Albanian extremists of AKSH[]- Albanian National Army, a terrorist shadow organization in Kosov[o]." (A.R. at 284.) A few months later, the Department of Homeland Security initiated removal proceedings against him, charging him with being removable for having entered the United States without having been admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Muriqi conceded the charge of removability and proceeded with his application.

After holding a merits hearing, the Immigration Judge ("IJ"), in 2012, issued a written decision denying Muriqi's application. The IJ found that Muriqi's testimony was not credible, and that he had failed to cure the flaws in that testimony with "sufficient corroborative evidence." (A.R. at 58.) The IJ further found that, even assuming Muriqi *was* credible, his asylum claim still failed because he had not established past persecution or a well-founded fear of future persecution. The IJ explained that, because Muriqi's

2

asylum claim failed, his withholding of removal claim necessarily failed, too. Lastly, the IJ determined that Muriqi had not satisfied any of the elements needed to prevail on his CAT claim.

Muriqi appealed to the BIA. In April 2014, the BIA dismissed the appeal. The BIA, finding no error in the IJ's adverse credibility finding, upheld the IJ's denial of asylum and withholding of removal. The BIA also upheld the IJ's denial of CAT relief. In light of these rulings, the BIA did not address the IJ's corroboration finding or whether Muriqi would be eligible for relief if his testimony were viewed as credible.

Muriqi now petitions for review of the agency's decision.

## II.

We have jurisdiction over this petition pursuant to 8 U.S.C. §1252(a)(1). Muriqi's lone claim here is that the agency's adverse credibility determination is flawed. We review that determination for substantial evidence, see Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008), and must uphold it "unless any reasonable adjudicator would be compelled to conclude to the contrary," id. (quotation marks omitted). Where, as here, an alien files his asylum application after the enactment of the REAL ID Act of 2005, the IJ "'may base a credibility determination . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . .'" Id. at 296 n.6 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

In concluding that Muriqi was not credible, the IJ stated that Muriqi's testimony was inconsistent with his application and other written materials submitted on his behalf,

and that "[t]here were also significant issues of detail and plausibility within [Muriqi's] general narrative." (A.R. at 58.) In upholding the IJ's adverse credibility determination, the BIA highlighted six of the inconsistencies cited by the IJ. The first inconsistency involved the date on which Muriqi was recruited by AKSH. He testified that AKSH recruited him in November 2003, while his application stated that this occurred in September 2004. Muriqi attempts to attribute this inconsistency to the "very confusing and haphazard manner" in which the Government questioned him during the merits hearing, (Pet'r's Br. 9), but he provided the November 2003 date after the IJ clarified the question for him.

The second inconsistency was as follows: Muriqi testified that a bomb exploded in a canal by the side of the road as he was driving by, while his application stated that the bomb exploded underneath his car. When asked on cross-examination if the statement in the application was an error, Muriqi responded, "I think so." (A.R. at 124.) Although he now claims that "it is not unreasonable that one would not know the exact location of a bomb that detonated near or under the car he was riding in," (Pet'r's Br. 8), his hearing testimony belies that argument. (See A.R. at 124 ("I've always said that the explosive was placed in a canal by the road.").)

The third inconsistency involved an incident on March 17, 2004. Muriqi testified that he was not injured when three people shot at his car on that date, while his application stated that he sustained facial injuries during this incident that required home treatment by a physician for two to three days. He now argues that these injuries

4

"apparently" were not serious, and that "[i]t is not unreasonable that he would not remember every scrap[e] he suffered over many years of persecution." (Pet'r's Br. 9.) But this argument misses the mark, for the issue here is not the severity of the alleged injury or whether he should have remembered it. He *did* remember the injury — and highlighted it in his application — but later testified that he was *not* injured during that incident. Muriqi has not reconciled this inconsistency.

The remaining inconsistencies were as follows: (4) Muriqi did not mention that his father was present when Muriqi was allegedly shot at by a member of the AKSH on January 26, 2006, but the father's written statement averred that he was indeed present; (5) the written statements submitted by Muriqi's father and Muriqi's cousin did not mention the car bombing noted above; and (6) Muriqi testified that his cousin's name is "Ramiz," but the cousin signed his statement with the name "Vasel." Muriqi did not address these inconsistencies in his appeal to the BIA, and he has not attempted to reconcile them here.

In light of the above, Muriqi has not shown that the record compels disturbing the agency's adverse credibility determination. Accordingly, we will deny the petition.

5